IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JASSEN DOHERTY | § | |
| VS. | § | CIVIL ACTION NO. 1:21cv133 |
| JASPER COUNTY JAIL | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Jassen Doherty, proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 against the Jasper County Jail, where he was formerly incarcerated. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Allegations

Plaintiff states he is disabled and weighs 500 pounds. He became an inmate at the Jasper County Jail on November 9, 2019. Plaintiff states he was originally housed in Dorm 158, which is a disabled dorm. He was unable to sit at the table to eat or to watch television. Plaintiff alleges he was told to eat in his bed, which he states is unsanitary.

After approximately two months, plaintiff was transferred to Dorm 175, which is not a disabled dorm. In this dorm, he was unable to sit on his bed and eat. He states he was told to sit on the floor to eat.

Plaintiff states he remained in Dorm 175 for one day. He was then transferred back to Dorm 158 for two weeks, and subsequently transferred to Dorm 160. While in Dorm 160, he was unable to sit at the table to eat or to watch television. After five months, he was transferred to Dorm 161.

After five months in Dorm 161, plaintiff was made a trustee. However, he was removed from this position after three weeks. Plaintiff was then transferred to the quarantine tank. Plaintiff states that while inmates normally only stay in the quarantine tank for 14-21 days, he was there for over three months, increasing the chance that he would become sick.

Standard of Review

Pursuant to 28 U.S.C. § 1915A, a district court must dismiss a complaint if it determines the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted ...." " A district court may dismiss as frivolous the complaint of a prisoner proceeding [*in forma pauperis*] if it lacks an arguable basis in law or fact." *Geigers v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint may be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Analysis

*Physical Injury*

Title 42 U.S.C. § 1997e(e) precludes lawsuits filed "by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." As a result, a prisoner is generally precluded from recovering compensatory damages for violations of federal law where no physical injury is alleged and there was no sexual act. *Mayfield v. Texas Department of Criminal Justice*, 529 F.599, 605 (5th Cir. 2008). A complaint that fails to allege a physical injury or a sexual act and seeks only compensatory damages is barred by Section 1997e(e). *Id*. at 606.

Plaintiff does not allege he suffered a physical injury or was the victim of a sexual act. He seeks only compensatory damages in the form of an award of $100 for every day he could not sit at a table to eat or to watch television and an award of $500 for every day he spent in the quarantine tank. As plaintiff's claim is therefore barred by Section 1997e(e), he has failed to state a claim upon which relief may be granted.

*Official Policy or Custom*

As stated above, plaintiff named the Jasper County Jail as a defendant. In order for an entity to be a party to a lawsuit, the entity must have the capacity to sue or be sued. *Maxwell v. Henry*, 815 F. Supp. 213, 215 (S.D. Tex. 1993). The Jasper County Jail, as at best a subdivision of a local governmental entity, does not have a sufficiently separate legal interest to enable it to be named as a defendant in a lawsuit. *Darby v. Pasadena Police Department.*, 939 F.2d 311, 313 (5th Cir. 1991); *see also Turner v. Dallas County Jail*, Civil Action No. 3:04cv2165, 2006 WL 1388441 (N.D. Tex. May 17, 2006) (acknowledging that the Dallas County Jail is not a "jural entity that can be sued"). However, as plaintiff is proceeding *pro se*, his claim against the Jasper County Jail will be liberally construed as a claim against Jasper County.

Jasper County cannot be held liable under 42 U.S.C. § 1983 for the actions of its officers or employees based on a theory of *respondeat superior*. *Monell v. New York Department of Social Service.*, 436 U.S. 658, 691 (1978). A governmental entity such as Jasper County may only be held liable for a constitutional violation if the violation is the result of an official policy or custom on the part of the entity. *Monell*, 436 U.S. at 691.

An official policy or custom can be established in several ways. An official policy may be a policy statement, ordinance, regulation, or decision that has been officially adopted and promulgated by a policymaker. *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). A policy may also arise from a "persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Id*.

Plaintiff has failed to identify any polices of Jasper County that were the cause of the conditions of which he complains. In addition, his allegations do not demonstrate that the conditions were so consistent and widespread as to constitute a custom. Plaintiff has therefore failed to state a claim upon which relief may be granted against Jasper County.

## Recommendation

This civil rights lawsuit should be dismissed for failure to state a claim upon which relief may be granted.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 17th day of January, 2024.

_____
Zack Hawthorn
United States Magistrate Judge